[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2005
THOMAS K. KAHN
CLERK

No. 05-10461
Non-Argument Calendar

_____

Agency No. A95-916-135

ZHONG JIN HUANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 30, 2005)

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Zhong Jin Huang, through counsel, petitions for review of the final order of Board of Immigration Appeals ("BIA") denying a motion to reopen the decision of the immigration judge ("IJ") denying withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") and finding that Huang had withdrawn his asylum and withholding of removal claims. Because Huang's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), govern his petition for review. *See Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1264 (11th Cir. 2004).

Huang, a native and citizen of China, arrived in the United States on August 10, 2002, and requested asylum and/or withholding of removal under the CAT. The Immigration and Naturalization Service ("INS") issued a referral to an IJ. At an initial master-calendar hearing in September 2002, Huang, through counsel, admitted the allegations contained in the referral, conceded removability, and indicated his intention to seek asylum, withholding of removal, and protection under the CAT. In October 2002, Huang submitted a claim for asylum, withholding of removal and protection under the CAT, alleging persecution on account of religion.

2

At a hearing on his asylum application, Huang was represented by Quincy Cheng. Huang sought to withdraw his application for asylum and withholding of removal, and proceed only on his claim for relief under the CAT. The IJ asked Huang whether he was satisfied with his attorney's representation and whether he had discussed the withdrawal of the two claims with him, and Huang answered in the affirmative. After Huang's testimony regarding his imprisonment in China, the IJ asked why he chose not to go forward with his asylum and withholding of removal claims. After an off-the-record discussion, the IJ asked Cheng if he had reviewed the underlying claim with Huang, and Cheng responded that he had. The IJ then asked twice if it was Cheng's determination that it was not in Huang's best interest to go forward with these claims, and Cheng responded that it was.

The IJ found that Huang had withdrawn his application for asylum and withholding of removal. The IJ denied relief under the CAT, finding that Huang had not met the high standard required.

Huang appealed to the BIA with the assistance of attorney David Su. Huang argued that the IJ's finding that he had effectively withdrawn his application for asylum and withholding of removal was not supported by the record, because his attorney gave no explanation for the withdrawal of the claims

3

and the attorney acknowledged that Huang wanted to proceed with his asylum claim. The BIA adopted and affirmed the decision of the IJ.

Huang filed a motion to reopen, again arguing that he did not intend to withdraw his asylum and withholding of removal application but did not expressly argue ineffective assistance of counsel. He attached an affidavit stating that he did not understand why his attorney, Cheng, told him not to apply for asylum. He further stated that Cheng told him that asylum and protection from torture were the same thing, and that he thought he was still applying for asylum. The BIA denied the motion, finding insufficient reason to alter its decision affirming the IJ's decision. The BIA found that Huang failed to present new and previously unavailable evidence to support his claim because he provided no indication why his affidavit was previously unavailable. The BIA further noted that Huang had failed to comply with the requirements for motions based on an ineffective assistance of counsel claim, as set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). This petition for review followed.

On appeal, Huang argues that the BIA erred in denying his motion to reopen because material new evidence indicated that his withdrawal of his application for asylum and withholding of removal was "without informed consent." He contends that he received and relied upon ineffective assistance of counsel from Cheng,

4

because Cheng told him that CAT relief was the same as asylum and withholding of removal.  According to Huang, the BIA misapplied the law by rigidly applying the *Lozada* requirements because he substantially complied with the rule because his affidavit and the record show a clear case of ineffective assistance of counsel.  Additionally, he argues that Su, his counsel before the BIA, provided ineffective assistance by failing to comply with the *Lozada* requirements.  He further contends that his due process was violated because his withdrawal of these claims was not knowing and voluntary.

We review the BIA's denial of a motion to reopen for an abuse of discretion.  *See Gbaya v. U. S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003).  Judicial review of a denial of a motion to reopen in removal proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).  Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992).  "An alien may file one motion to reopen, [which] shall state the new facts that will be proven at a hearing to be held

5

if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1).

The BIA has required that, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the alien must: (1) submit an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting that the prior counsel's handling of the case violated ethical or legal responsibilities, state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. *Lozada*, 19 I&N Dec. at 639. We have held that the BIA does not abuse its discretion by requiring aliens to meet the three procedural requirements of *Lozada*, but have not held whether the BIA may enforce strict compliance or must also accept substantial compliance. *Gbaya*, 342 F.3d at 1221-23. We have further held that failure to comply with two of the three *Loada* requirements did not constitute substantial compliance. *Id.* at 1222 n.2.

Because Huang failed to raise his due process and ineffective assistance of appellate counsel claims before the BIA, we conclude that he failed to exhaust his

administrative remedies and, thus, we lack jurisdiction to address these claims. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001) (stating that we lack jurisdiction when an alien fails to exhaust all administrative remedies prior to judicial review). Huang submitted an affidavit with his motion to reopen, stating that he had not understood what his attorney told him and that he thought he was still applying for asylum. However, this did not constitute new evidence, because the evidence was clearly available earlier when Huang made essentially the same arguments in his appeal. *See* INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B); 8 C.F.R. § 1003.2(c)(1). Furthermore, Huang did not give his previous attorney notice or an opportunity to respond, which are the second and third *Lozada* requirements. Because Huang failed to comply with two of the three *Lozada* requirements and his claim was not based on new evidence, we conclude that the BIA did not abuse its discretion in denying his motion to reopen. *See Gbaya*, 342 F.3d at 1221-23. Accordingly, we deny the petition for review.

**PETITION DENIED.**